## WILLIAM P. CLYDE AND BENJAMIN F. CLYDE, RESPONDENTS, *v.* AMOS ROGERS, APPELLANT.

*Subpœna for production of books — when it should not be set aside.*

In this action, brought to recover moneys alleged to have been taken from the plaintiffs' firm by the defendant, while employed by it as a bookkeeper or clerk, the latter alleged that the moneys were taken in pursuance of an arrangement made with one Clyde, who was then the senior partner of the plaintiffs' firm, by which the defendant was to have one-fourth of the profits. The defendant having subpœnaed one of the plaintiffs to produce the books of the firm, the subpœna was thereafter set aside on the application of the plaintiffs, based upon an affidavit of one of their attorneys, stating that he believed that the subpœna was served with a view of annoyingthe plaintiffs, and that the books called for were from forty-five to fifty in number.

*Held,* that the court erred in granting the application ; that if the subpœna was too broad, the court should have required the plaintiffs to allow the defendant to inspect the books, or have compelled them to produce copies of such portions thereof as were material to the issues.

APPEAL from two orders made at Special Term, one setting aside a *subpœna duces tecum,* issued on behalf of the defendant to the plaintiffs, and one denying a petition presented by the defendant for leave to inspect and take a copy of the books and documents set forth in the said petition.

*Benjamin F. Tracy, Asa Bird Gardner, Robert L. Reade,* for the appellant.

*Samuel Boardman,* for the respondents.

BARNARD, P. J.:

It was the right of the defendant, before the enactment of the present Code (§ 867), to have the evidence in question. The complaint was for moneys improperly taken from the plaintiff's firm by defendant, who is averred to have been at the time clerk and book-keeper. The defendant in answer states that one Thomas Clyde was the senior partner and manager before the time of the taking of the moneys, and that the arrangement made between defendant and Thomas Clyde, on behalf of the firm, was that defendant was to have one-fourth of the profits. The plaintiffs deny this fact. The defendant subpœnas one of the plaintiffs to produce the books of the firm. Upon an affidavit of one of the attorneys of plaintiff that he believes that the subpœna was served "with a view of annoying the plaintiff," and upon an affidavit that the books called for are from forty-five to fifty in number, application was made to set aside the subpœna. An order was made that the witness, upon whom the subpœna was served, "be relieved from the obligation thereof."

This order cannot be sustained upon the ground that it was issued for annoyance. The defendant denies that fact; his answer, which is sworn to, sets up a fact in defense which, if true, would naturally show the books to be necessary for him on the trial. The defendant swears to this necessity for the books, both personally and by advice of counsel. The order depriving a party of his evidence under the proof before the judge, would be a bad precedent, and the practice should not prevail.

If the subpœna *duces tecum* was in good faith, then the court should have substituted an inspection, or copies of portions of the books in the place of their production, by the witness.

The order should, therefore, be reversed, with costs and disbursements.

Application was made after the granting of the order in question that leave should be given to inspect the books. The defendant made a very full affidavit showing the materiality and necessity for the application.

The plaintiffs made affidavit that the books were not material and the order permitting inspection was not granted. This order

should not be upheld. It is not proper that the court at Special Term, upon the evidence given, should determine the materiality of evidence. The case to be tried in such a case is stifled without a trial. The materiality of evidence should be determined at the trial, where an exception is possible to a ruling of the judge before whom the trial is had. In this case, if the books are material, there is no remedy.

This order should, therefore, be reversed, with costs and disbursements.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Order of 6th November, 1880, reversed, with costs and disbursements. Order of October 13, 1880, reversed, with costs and disbursements.